**UNITED STATES of America,**

v.

**Patricia BOOTS, Jacolene Smith Defendants.**

**No. 5:03–CR–9(HGM).**

United States District Court,
N.D. New York.

April 16, 2004.

Honorable Glenn T. Suddaby, United States Attorney, Northern District of New York, Syracuse, NY (Lisa M. Fletcher, Assistant United States Attorney, of counsel), for U.S.

Stanley L. Cohen, New York, for defendants.

## MEMORANDUM—DECISION

MUNSON, Senior District Judge.

On Friday April 2, 2004, the court sentenced defendant Patricia Boots to a one year and one day term of incarceration pursuant to a plea agreement she entered on January 23, 2003, to Count One of Indictment 5:03–CR–9, which charged her with the felony offense of conspiracy to distribute, possess with intent to distribute, and to aid and abet the distribution of marijuana in violation of 21 U.S.C. §§ 841(a) and 846. Prior to sentencing, Ms. Boots objected to her Presentence Investigation Report ("Report") and more specifically her criminal history calculation. At sentencing, the court explained that it agreed with the Report's criminal history points calculation and its criminal history category of II under the United States Sentencing Guidelines ("USSG"). The court writes *sua sponte* to more fully explain its adoption of the Report's computations and determinations.

## BACKGROUND

Ms. Boots was arrested January 12, 2002, for conduct that forms the basis of the charges in the Indictment. She was subsequently released March 7, 2002, on a personal Recognizance Bond. The Report concludes that Ms. Boots has a criminal history category of II based upon a tally of three criminal history points. Previously, on November 19, 1998, Ms. Boots was charged with Criminal Possession of a Controlled Substance, a misdemeanor, in Fort Covington, New York. On November 15, 1998, she was a passenger in a car that slid off of a road, which caused her to lose consciousness and sustain injuries to her sternum, legs and shoulders. She was thereafter taken to the hospital. On November 19, 1998, she went to the Akwesasne Tribal Police Department to retrieve her jacket that was recovered at the scene of the automobile accident. At that time, she was charged with possession of cocaine that was found in her jacket pocket and placed under arrest. On March 22, 1999, she pled guilty to Criminal Possession of a Controlled Substance, and on April 13, 2000, she appeared in Fort Covington Town Court before Magistrate Jerome

Brockway for sentencing. Ms. Boots requested the assistance of counsel, but Magistrate Brockway assured her that none would be necessary if she pled guilty to the misdemeanor, for he would impose a sentence of probation. Ms. Boots pled guilty, and she received a sentence of three years' probation and a $60 fine. Ms. Boots was not represented by counsel at this initial sentencing. Ms. Boots, however, subsequently violated the terms of her probation. Specifically, she failed to comply with the terms of two drug treatment programs, and on March 7, 2002, her probation was revoked, and she was resentenced to 180 days imprisonment and a $70 fine. Again, Ms. Boots was not represented at sentencing. Ms. Boots committed the instant offense while serving her initial sentence of probation for the 1998 offense. Ms. Boots argued that because her conviction and subsequent incarceration occurred without benefit of counsel, the three points scored in her Report's criminal history category should be rejected by the court.

## DISCUSSION

While Ms. Boots acknowledged that a local court need not generally provide counsel to an indigent defendant where it does not intend to impose a sentence of incarceration, she argued that her uncounseled decision to plead guilty was constitutionally invalid due to the weakness of the case and her physical condition at the time of her plea. More significantly, however, Ms. Boots argued that the three point criminal history tally, based as it is in part upon the fact that the instant offense occurred while she was under a criminal justice sentence, see USSG § 4A1.1(d), was invalid under the holding in *United States v. Ortega,* 94 F.3d 764 (2d Cir.1996). Ms. Boots argued that because her probation was revoked and she was re-sentenced to six months in jail for violating probation after she had initially pled guilty without benefit of counsel, the court could not per-

mit her criminal history category of II to stand. The court, however, disagrees with Ms. Boots' interpretation of *Ortega* and the relevance of its holding to her criminal history category

In *Ortega,* defendants challenged the district court's calculation of their sentences under the USSG arguing, *inter alia,* that the district court incorrectly calculated their criminal history categories by considering prior misdemeanor convictions obtained in violation of their Sixth Amendment right to counsel. *Id.* at 765. They alleged that the district court violated their Sixth Amendment right to counsel by assessing criminal history points for prior uncounseled state court misdemeanor convictions. Co-defendants Jose Ortega and Jesus Mancinas argued that their state court convictions were invalid under *Scott v. Illinois,* 440 U.S. 367, 373–74, 99 S.Ct. 1158, 1162, 59 L.Ed.2d 383 (1979), because they resulted in sentences of probation and suspended sentences of imprisonment. In calculating Mancinas' criminal history category, the district court assessed one criminal history point for a 1992 conviction for disorderly conduct, a misdemeanor under Vermont law. Mancinas had pled guilty to disorderly conduct in a state court proceeding at which he had requested and was denied the assistance of counsel. The state court imposed a zero to sixty day suspended sentence and placed defendant on probation. Seven months later, however, Mancinas was convicted of driving while intoxicated ("DWI") in violation of Vermont law. Because Mancinas' DWI conviction violated the terms of his probation, the state court, following a hearing at which defendant was represented by counsel, revoked his probation and ordered him to serve thirty days of the previously suspended sentence. *Ortega,* 94 F.3d at 766. In recognition of the sentence of thirty days' imprisonment, the district court, assessed a criminal history point for the

disorderly conduct conviction because it satisfied USSG § 4A1.2(c)(1)(A), which excludes, among other offenses, disorderly conduct except where a term of imprisonment of at least thirty days is imposed. *Id.* at 770. Absent the sentence of thirty days imprisonment, however, the district court could not have counted the disorderly conduct conviction because it is one of the offenses listed under USSG § 4A1.2(c)(1) that are excluded unless the sentence was for a term of probation of at least one year or a term of imprisonment of at least thirty days. *See id.*

"An indigent defendant on trial for a misdemeanor offense is not categorically entitled to the assistance of court-appointed counsel. Rather, 'the Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to counsel in his defense.'" *Ortega,* 94 F.3d at 769 (quoting *Scott,* 440 U.S. at 373–74, 99 S.Ct. 1158). "Furthermore, although a criminal defendant enjoys the right not to have a conviction obtained in violation of his right to counsel used for sentence enhancement purposes in a subsequent proceeding, 'an uncounseled conviction under *Scott* may be relied upon to enhance the sentence for a subsequent offense.'" *Ortega,* 94 F.3d at 769 (quoting *Nichols v. United States,* 511 U.S. 738, 114 S.Ct. 1921, 1927, 128 L.Ed.2d 745 (1994)).

The USSG measure the seriousness of a prior offense by reference to the severity of the sentence imposed. The criminal history points Ms. Boots challenges result from a prior conviction for Criminal Possession of a Controlled Substance, which, as counted in the Report, earned her a sentence of probation. As relevant here, USSG § 4A1.1(c) directs the district court to add one point for each prior sentence not counted in subsections (a) or (b).[1] While section 4A1.2(c)(1) provides an exception to this rule, specifying that certain offenses "and offenses similar to them" will not be counted unless "(A) the sentence [therefor] was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense [for which sentence is to be imposed]," Ms. Boots' prior conviction is not among the offenses listed; therefore, she received one point toward her Criminal History Category. In addition, Ms. Boots was under probation at the time of her arrest for the instant offense, which pursuant to USSG § 4A1.1(d)[2] adds two points to her Criminal History Category calculation.

Ms. Boots' reliance upon *Ortega* is misplaced, for it is easily distinguished. In *Ortega,* had defendant not violated his probation, the underlying state court offense would not have been counted in the computation of his federal criminal history category because disorderly conduct is among those excluded offenses listed by USSG § 4A1.2(c)(1). There the district court assessed one point not because of Mancinas' excluded sentence of probation for disorderly conduct, but rather for the term of imprisonment he received subsequent to the revocation of his probation, which satisfied § 4A1.2(c)(1)(A). The Second Circuit held that regardless of whether defendant's sentence of imprisonment upon revocation of probation was constitutional under *Scott,* it did not warrant a criminal history point under the USSG.

---

1. Subsections (a) and (b) add three and two points respectively for sentences of imprisonment exceeding one year and one month and at least sixty days. USSG § 4A.1(a) and (b).

2. USSG § 4A1.1(d) adds two points if the defendant committed the instant offense while under any criminal justice sentence, including probation.

The commentary to § 4A1.2(c) states that "[p]rior sentences, not otherwise excluded, are to be counted in the criminal history score, including uncounseled misdemeanor sentences where imprisonment was not imposed." *Ortega*, 94 F.3d at 770. "Although this provision does not expressly exclude uncounseled misdemeanor sentences in which imprisonment was imposed, the interpretive maxim *expressio unius est exclusio alterius*, coupled with the constitutional problems raised by such sentences convinces us that § 4A1.2 excludes from criminal history computations all uncounseled misdemeanor sentences of *imprisonment*, including those imposed after the revocation of a defendant's probation." *Id.* at 770–71 (emphasis added). *Ortega*, makes no such holding as to uncounseled misdemeanor sentences of probation.

Significantly, it appears that the Report's computation of Ms. Boots' Criminal History Category was limited to: (1) one point for her sentence of probation for Criminal Possession of a Controlled Substance, an non-excludable offense, and (2) two points for committing the instant offense while still serving probation for the previous state offense. Thus, the Report properly arrives at a criminal history category of II. As stated above, "although a criminal defendant enjoys the right not to have a conviction obtained in violation of his right to counsel used for sentence enhancement purposes in a subsequent proceeding, 'an uncounseled conviction under *Scott* may be relied upon to enhance the sentence for a subsequent offense.'" *Ortega*, 94 F.3d at 769 (quoting *Nichols*, 511 U.S. 738, 114 S.Ct. at 1927, 128 L.Ed.2d 745). Moreover, when a misdemeanor defendant is sentenced to a term of probation and no jail term is imposed, no right to counsel attaches and the uncounseled conviction may be counted in determining the defendant's criminal history category. *See United States v. Castro-Vega*, 945 F.2d 496, 499–500 (2d Cir.1991). The Report does not assess criminal history points for the revocation of Ms. Boots' probation and sentence of imprisonment and thus does not confront the narrow holding of *Ortega*.